Case 4:22-cv-00914-P   Document 1   Filed 10/11/22   Page 1 of 9   PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 11 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Northern__ DISTRICT OF TEXAS
__Fort Worth__ DIVISION

__Maurice Henry Mason #0443096__
Plaintiff's Name and ID Number

__Tarrant County Jail (GreeBay Facility)__
Place of Confinement

CASE NO. __4-22CV-914-P__
(Clerk will assign the number)

v.

__Bill E. Waybourn / Tarrant County Sheriff - 200 Taylor St. Ft. Worth, TX. 76196__
Defendant's Name and Address

__Tarrant County Sheriffs' Office/et.al - 100 E. Lamar St. Ft. Worth TX. 76102__
Defendant's Name and Address

_____
Defendant's Name and Address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should ke copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and de under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVE] SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE O!

3. You must file a separate complaint for each claim you have unless the various claims are all related to the ; incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a shor plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district ( for the appropriate district of Texas in the division where one or more named defendants are located, or wher incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Crir Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in you law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an ad list of the divisional clerks.

FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 pl administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to pr *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting information to establish your inability to prepay the fees and costs or give security therefor. You must also in a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acqui application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pau* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or fi appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial p filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmat account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proc *forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submi to the court.

CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice sh marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the di of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ~~No~~ YES
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more tha lawsuit, describe the additional lawsuits on another piece of paper, giving the same informatic
      1. ~~Approximate date of filing lawsuit:~~ N/A
      2. Parties to previous lawsuit:    ※ SEE NEXT PAGE
         Plaintiff(s) N/A                 Giving Information
         Defendant(s) N/A
      3. Court: (If federal, name the district; if state, name the county.) N/A
      4. Cause number: N/A
      5. Name of judge to whom case was assigned: N/A
      6. Disposition: (Was the case dismissed, appealed, still pending?) N/A
      7. Approximate date of disposition: N/A

PREVIOUS LAWSUITS

A) yes
B) —

1. 09-20-2022
2. Plaintiff - MAURICE HENRY MASON
   v.
   ① Bill E. Waybourn
   ② Riscky's Barbeque
3. United States District of Texas > Ft. Worth, Division
   Northern District, Tarrant County
4. #① 4:22-cv-846-P, #② 4:22-cv-00841-O
5. Judge MARK Pittman — Judge Reed O'Connor
6. *Both Still Pending
7. N/A

II. PLACE OF PRESENT CONFINEMENT: Tarrant County Jail (Green Bay)

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? N/A ~~YES~~

Attach a copy of your final step of the grievance procedure with the response supplied by the instituti

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Maurice Henry Mason - 100 N. La St. Fort Worth, TX. 76196. And Also 6002 Powderwood Lane Arlington, TX. 76018 *(In case I'm Released.)

B. Full name of each defendant, his official position, his place of employment, and his full mailing add

Defendant #1: Bill E. Waybourn - 200 Taylor St. Fort Worth, Texas 76196

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Authorized my Release, And then put me Back in Custody.

Defendant #2: Tarrant County Sheriff's - 100 E. Lamar St. Fort Worth, Texas 76102

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
They are Holding me Because of Parole's Mistake

Defendant #3: Mr. Iceom / Parole Supervisor - 4834 Carey Street Fort Worth, Texas 76119

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Party Involved in Holding me Due to Blue Warra

Defendant #4: Mr. Davenport / Parole Officer - 4834 Carey Street Fort Worth, Texas 76119

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Party Involved in Holding me Due to Blue Warrant

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it hap when did it happen, and who was involved. Describe how each defendant is involved. You need not any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, nur and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT M STRIKE YOUR COMPLAINT. I was Arrested and Detained on May the 18th of 2022. This was a parole violation. I was given a court date of September 20th 2022. I was Brought to Court early, an given a 12.44(A) time Served, for the new charges that caused the Parole Violation. I was "almost Released" on September 3rd AND by the way, I was given the above said 12.44(A) time Served on August 25th, 2022. This being the early Courtdate. I'm Still in Tarrant County Jail, Being Held on a "parole Violation" although I've already had my charges adjudicated and dealt with. All you have to do, is check the Computer, An or your Records And you will See that I'm still incarcerated.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cas statutes. For each day I have Spent locked up, in Tarrant County Jail: I would like the Court to Award me the Monetary Relief, in which I deserve. Such as for: Pain + Suffering, and Mental — Anguish. And also Defamation of Character in the Sum of $4.4 Million Dollars ($4,400,000)

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all al
   N/A

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or f prison or FBI numbers ever assigned to you.
   (TDCJ #1617147 - CID# 0443096)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? N/A ~~YES~~

B. If your answer is "yes," give the following information for every lawsuit in which sanctions imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date sanctions were imposed: N/A
   4. Have the sanctions been lifted or otherwise satisfied? N/A ~~YES~~



Texas Statutes (Last Updated: January 4, 2014)

GOVERNMENT CODE
 Title 4. EXECUTIVE BRANCH
  Subtitle G. CORRECTIONS
   Chapter 508. PAROLE AND MANDATORY SUPERVISION
    Subchapter I. HEARINGS AND SANCTIONS

## Sec. 508.282. DEADLINES

*Latest version.*

(a) Except as provided by Subsection (b), a parole panel, a designee of the board, or the department shall dispose of the charges against an inmate or person described by Section 508.281(a):

(1) before the 41st day after the date on which:

(A) a warrant issued as provided by Section 508.251 is executed, if the inmate or person is arrested only on a charge that the inmate or person has committed an administrative violation of a condition of release, and the inmate or person is not charged before the 41st day with the commission of an offense described by Section 508.281(2)(B); or

(B) the sheriff having custody of an inmate or person alleged to have committed an offense after release notifies the department that:

(i) the inmate or person has discharged the sentence for the offense; or

(ii) the prosecution of the alleged offense has been dismissed by the attorney representing the state in the manner provided by Article 32.02, Code of Criminal Procedure; or

(2) within a reasonable time after the date on which the inmate or person is returned to the custody of the department, if:

(A) immediately before the return the inmate or person was in custody in another state or in a federal correctional system; or

(B) the inmate or person is transferred to the custody of the department under Section 508.284.

(b) A parole panel, a designee of the board, or the department is not required to dispose of the charges against an inmate or person within the period required by Subsection (a) if:

(1) the inmate or person is in custody in another state or a federal correctional institution;

(2) the parole panel or a designee of the board is not provided a place by the sheriff to hold the hearing, in which event the department, parole panel, or designee is not required to dispose of the charges against the inmate or person until the 30th day after the date on which the sheriff provides a place to hold the hearing; or

(3) the inmate or person is granted a continuance by a parole panel or a designee of the board in the inmate's or person's hearing under Section 508.281(a), but in no event may a parole panel, a designee of the board, or the department dispose of the charges against the person later than the 15th day after the date on which the parole panel, designee, or department would otherwise be required to dispose of the charges under this section, unless the inmate or person is released from custody and a summons is issued under Section 508.251 requiring the inmate or person to appear for a hearing under Section 508.281.

(c) In Subsections (a), (b), and (f), charges against an inmate or person are disposed of when:

(1) the inmate's or person's conditional pardon, parole, or release to mandatory supervision is:

(A) revoked; or

(B) continued or modified and the inmate or person is released from the county jail;

(2) the warrant for the inmate or person issued under Section 508.251 is withdrawn; or

(3) the inmate or person is transferred to a facility described by Section 508.284 for further proceedings.

(d) A sheriff, not later than the 10th day before the date on which the sheriff intends to release from custody an inmate or person described by Section 508.281(a) or transfer the inmate or person to the custody of an entity other than the department, shall notify the department of the intended release or transfer.

(e) If a warrant for an inmate or person issued under Section 508.251 is withdrawn, a summons may be issued requiring the inmate or person to appear for a hearing under Section 508.281.

(f) A parole panel, a designee of the board, or the department shall dispose of the charges against a releasee for whom a warrant is issued under Section 508.281(c) not later than the 31st day after the date on which the warrant is issued.

C. Has any court ever warned or notified you that sanctions could be imposed?  ___No___  __YES__

D. If your answer is "yes," give the following information for every lawsuit in which a warning was is (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _N/A_
  2. Case number: _N/A_
  3. Approximate date warning was issued: _N/A_

Executed on: __9/03/2022__
              DATE

_MAURICE HENRY MASON_
_Maurice Henry Mason_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto a and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three o civil actions or appeals (from a judgment in a civil action) in a court of the United States incarcerated or detained in any facility, which lawsuits were dismissed on the ground the frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for th filing fee and costs assessed by the court, which shall be deducted in accordance with the law fi inmate trust account by my custodian until the filing fee is paid.

Signed this __3RD__ day of __October__, 20 __22__.
             (Day)                (month)                  (year)

_Maurice Henry Mason_
_Maurice Henry Mason_
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in respon above questions may result in the imposition of sanctions. The sanctions the court may impose incl are not limited to, monetary sanctions and the dismissal of this action with prejudice.



Maurice Mason CID#01413096
100 N. Lamar St.
Fort Worth, TX. 76196

United States District Court
Northern District of Texas
501 West 10th Street Rm #310
Fort Worth, TX. 76102-3673

#

LEGAL MAIL

Tarrant County Green Bay Law Library